**CHIEF JUSTICE CUSHING HIGHWAY CORPORA-TION, Plaintiff,**

v.

**William LIMBACHER, et al., Defendants.**

**Civil Action No. 00–CV–10174–JLT.**

United States District Court, D. Massachusetts.

March 9, 2001.

See also: 122 F.Supp.2d 222.

---

8. Dismissal on these grounds makes it unnecessary to address defendants' standing arguments.

Charles J. Humphreys, Cohasset, MA, for plaintiff.

Kenneth Ira Spigle, Newton, MA, for defendants.

*MEMORANDUM*

TAURO, District Judge.

## I. Introduction

Plaintiff[1] originally brought this action in state court as an appeal, under Mass. Gen.Laws ch. 40A, § 17, from the Town of Scituate Planning Board's ("Planning Board") decision to grant a special permit to Defendants Tower Ventures, Inc. ("Tower Ventures") and Omnipoint Communications MB Operation, LLC ("Omnipoint") to construct a telecommunications relay tower at 1010 Chief Justice Cushing Highway in Scituate, Massachusetts, near that town's border with Cohasset. Plaintiff owns or leases parcels of land contiguous with the tower site. Plaintiff seeks to set aside the Planning Board's decision.

## II. Background[2]

An overview of the recent historical context of this case is appropriate. The decision which Plaintiff seeks to annul—the granting of the special permit—was the subject of previous litigation and two final judgments.

The story begins on February 22, 1999 when Omnipoint and Tower Ventures applied to the Planning Board for a special permit to build the tower in question. In accordance with the Massachusetts Zoning Act's procedural requirements, the Planning Board gave notice to Scituate and Cohasset "parties in interest,"[3] developed factual findings, and held public hearings. *See* Mass.Gen.Laws ch. 40A, §§ 9, 11, 16. On June 11, 1999, the Planning Board officially denied the application.

---

1. Plaintiff, Chief Justice Cushing Highway Corporation, is a Massachusetts corporation with its place of business at 380 Chief Justice Cushing Highway, Cohasset, Massachusetts. Defendants are individual members of the Town of Scituate Planning Board; the Planning Board itself; the Town of Scituate; Tower Ventures, Inc., a Massachusetts corporation located in Providence, Rhode Island; and Omnipoint Communications MB Operation, LLC, a Delaware corporation located in East Providence, Rhode Island.

2. The following background is borrowed from this court's decision in *Patterson v. Omnipoint Communications, Inc.,* 122 F.Supp.2d 222 (D.Mass.2000), and updated where necessary. The *Patterson* plaintiffs challenged the Town of Scituate's granting of the same special permit at issue here, involving the same defendants and the construction of the same telecommunications tower.

3. "Parties in interest" include property owners of land within 300 feet of the locus. *See* Mass.Gen.Laws ch. 40A, § 11.

In a case heard by this court, Omnipoint and Tower Ventures then sued the Planning Board, alleging that the permit denial violated the federal Telecommunications Act of 1996 ("TCA" or "Act"), 47 U.S.C. §§ 151–615(b). *See Tower Ventures v. Warner,* No. 99–CV–11422–JLT (D.Mass. Sep. 28, 1999). On September 28, 1999, pursuant to an Agreement for Judgment between the Parties, and its own factual findings, this court entered judgment for Omnipoint and Tower Ventures, finding that the permit denial violated the TCA. *See Tower Ventures,* slip op. at 1–2. This court ordered the Planning Board to issue the special permit, and ordered the appropriate municipal agent to issue a building permit, in accordance with the conditions set forth in the initial application. *See id.* On October 15, 1999, the Planning Board issued the special permit to Omnipoint and Tower Ventures. But, it did not require a new application, provide a new round of notice, develop findings of fact, or hold another public hearing, as required by the Zoning Act. *See* Mass.Gen.Laws ch. 40A, § 16.

Ten residents from Scituate and Cohasset sued the Zoning Board on November 8, 1999, alleging that the Planning Board exceeded its legal authority by entering into the Agreement for Judgment and by issuing the special permit without following the Zoning Act's procedural requirements for reversing a previous denial of a special permit. *See Patterson v. Omnipoint Communications, Inc.,* 122 F.Supp.2d 222, 225 (D.Mass.2000). The group of residents sought to annul and vacate the issuance of the special permit.

On March 23, 2000, the same ten residents filed a second suit, alleging, *inter alia,* that the Building Inspector, who issued the building permit pursuant to the Planning Board's special permit, exceeded his authority because he issued the build-

ing permit based on a procedurally-defective special permit. *See id.* In this suit, the group of residents sought an injunction ordering the dismantling of the tower.

Those two cases were consolidated and subsequently dismissed on November 21, 2000 on grounds that further zoning procedures were preempted by the TCA. *See Patterson,* 122 F.Supp.2d 222; *See also Brehmer v. Planning Board of the Town of Wellfleet,* 238 F.3d 117 (1st Cir.2001).

On November 3, 1999, Plaintiff filed this suit in state court, seeking an annulment of the Planning Board's decision to issue the special permit. Defendants later removed the case to federal court.

## III. Analysis

 When deciding a defendant's motion to dismiss, a court assumes as true the plaintiff's "well-pleaded factual averments" and favors the plaintiff with "every reasonable inference." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990) (citation omitted). This court also considers additional facts based upon pleadings and court orders in the related case of *Tower Ventures,* No. 99–CV–11422–JLT (D.Mass. Sep. 28, 1999). *See, e.g., Integrated Technologies Ltd. v. Biochem Immunosystems, (U.S.) Inc.,* 2 F.Supp.2d 97, 99–100. Normally, courts cannot consider documents not attached to, or expressly referenced by, the complaint unless the motion is properly converted into one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b)(6). A narrow exception, however, exists for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir.1993) (citations omitted). If it clearly appears from the facts considered that a

plaintiff could not recover on any viable theory, dismissal is proper. *See Conley v. Gibson*, 355 U.S. 41, 45, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

 Plaintiff's Complaint seeks annulment, under the Massachusetts Zoning Act, of the Planning Board's decision to grant a special permit to Defendants Tower Ventures and Omnipoint to construct a telecommunications tower. The Planning Board, however, was ordered by this court to issue the special permit. *See Tower Ventures*, No. 99–CV–11422–JLT (D.Mass. Sep. 28, 1999).

The issue here is similar to that in *Brehmer*. The *Brehmer* plaintiffs sought to challenge a special permit issued pursuant to a consent judgment entered by the district court. *See Brehmer*, 238 F.3d at 119. There, as here, the plaintiffs based their suit on the Massachusetts Zoning Act. *Brehmer* ruled that local zoning ordinances, such as the one invoked by Plaintiff, apply only to the extent that they do not interfere with the TCA. *See id.* at 121–22. Here, Plaintiff's appeal under the Zoning Act directly interferes with the TCA. The Complaint seeks annulment of a Planning Board decision made pursuant to this court's Judgment, which was based on the TCA.

*Brehmer* described the preemptive power of the TCA where a court considers a state law challenge to a planning board's decision. When a planning board's decision is pursuant to a federal court order,

> the state law that might ordinarily control such disputes is preempted in this setting, for similar reasons as those favoring injunctive relief in the first place. Having determined that Congress meant to empower district courts to order that town planning board decisions in violation of § 332(b)(7)(C) be set aside, it would make little sense to further conclude that courts exercising that authori-

ty must do so within the confines of state zoning procedure.

*Brehmer*, 238 F.3d at 121.

That reasoning controls here. It would make little sense to subject the Planning Board's decision to state zoning procedures under these circumstances. *See id.* The TCA preempts Plaintiff's appeal in this case. The Planning Board's decision, made pursuant to a judgment grounded in federal law, cannot be annulled under a state zoning ordinance.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is ALLOWED. An Order issued on February 16, 2001.